[File Nos. 6531 and 6532.]

GLADYS WESTMAN, Formerly Gladys Irene Clapper, Plaintiff and Respondent, v. MIDDLEWEST TRUST COMPANY, a Corporation, et al., Defendants,

and

AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Defendant and Appellant,

and

LESTER ELKIN CLAPPER, Plaintiff and Respondent, v. MIDDLEWEST TRUST COMPANY, a Corporation, et al., Defendants,

and

AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Defendant and Appellant.

(283 N. W. 176.)

Opinion filed December 31, 1938.

692

*Fuller & Powers,* for appellants.

*F. E. McCurdy,* for respondent.

SATHRE, J. These actions were dismissed as against all of the individual defendants, but were tried as against the Middlewest Trust Company, a corporation, and American Surety Company of New York, a corporation. By stipulation of the parties, these actions were consolidated for the purpose of trial for the reason that the determination in both cases depends upon the same state of facts. The stipulation provides that a single judgment may be entered in both actions

so consolidated and that the rights, status and relation between the parties and the liability of the defendants or either of them, if any, be determined and adjudged in the same judgment.

The stipulation also provides that the cases may be tried to the court without a jury and submitted to the court for decision upon the agreed statement of facts and evidence contained in the stipulation without any oral testimony being taken or any oral argument, and that the court make its findings of facts and conclusions of law in both actions in a single judgment. Said stipulation provides that in said single judgment the court shall adjudicate the rights, status and relation of and between the defendant Middlewest Trust Company, a corporation, and the defendant American Surety Company, a corporation, under that certain contract of said defendants attached to the separate answer of the said American Surety Company; and if it finally be determined that the Middlewest Trust Company is liable to the plaintiffs or either of them in any sum of money, by reason of the facts alleged in plaintiffs' complaint it be determined on the facts of the case whether the defendant American Surety Company is accordingly liable to the Middlewest Trust Company by reason of said contract, and that in said judgment in these actions the said rights, status and relation between the said two defendants Middlewest Trust Company and American Surety Company shall be adjudicated and declared in like manner and to the same effect as if appropriate actions and proper proceedings were submitted to the court by either of said defendants against the other on account of said contract.

A further stipulation was entered into by the parties to said actions which provides that the court may examine the records and files of the county court of Wells County, North Dakota, in the matter of guardianship of Jessie Emmert Clapper, Lester Elkin Clapper, and the other minors in said guardianship; and that the court may consider and act upon said record to all intents and purposes as if it had been made a part of the stipulated record.

Certified copies of a part of the records and proceedings in the county court of Wells county in the matter of said guardianship are attached to and made a part of the record in these cases.

The facts necessary to the determination of the issues in these actions are as follows: On the 7th day of January, 1919, after proceed-

ings duly had in the county court of the county of Wells, state of North Dakota, William W. Phares was appointed guardian of the persons and estates of Gladys Irene Clapper and Lester Elkin Clapper, plaintiffs in the above entitled actions, and four others, all of whom were minors at the time of the appointment. On the 15th day of March, 1919, the guardian qualified and filed a bond conditioned for the faithful performance of his duties as such guardian, which bond was executed by the Middlewest Trust Company, dated the 15th day of March, 1919. The bond was duly approved by the judge of the county court, and on the 19th day of March, 1919, letters of guardianship were duly issued to the said William W. Phares, as such guardian.

On the 4th day of May, 1920, the said William W. Phares, as such guardian, presented to and. filed with the county court his first annual account as such guardian, from which it appears that he had received for the benefit of the minors the sum of $2000.00, proceeds of insurance money, and $2000.00, exemptions from the estate of one J. L. Clapper, deceased, making a total sum of $4000.00, and that said guardian deposited a part of said sums in the Yellowstone Valley Bank and Trust Company, of Sidney, Montana, sometime prior to March 22nd, 1922. From said account it appears that several sums had been paid out by said Phares, as such guardian, the total of which was $328.14, leaving a balance in his hands as such guardian in the sum of $3671.86. A second annual report and account was filed with the county court of Wells County, North Dakota, on the 25th day of January, 1927. We quote the following from the said second annual report and account:

"I. Money received as follows

Dollars Cts.

| | |
|---|---|
| Deposited in Yellowstone Valley Bank and Trust Co. at Sidney, Montana as soon as Received | 3030.00 |
| Above bank closed. | |
| War Savings Stamps & Liberty Bonds | 376.86 |
| Total Amount of Money Received | 3406.86 |

Money expended as follows

| | Dollars Cts. |
|---|---|
| Paid out for surety Administrators Bonds | 83.24 |
| Paid G. M. Clapper for care of minor child | 300.00 |
| Paid for clothing and care of minor children by myself | 193.62 |
| Bal. on hand in closed bank | 2830.00 |
| Above Bank closed March 22nd 1922. | |
| No dividends have been received by me. | |
| Total Amount of Money Expended | |
| Balance in hands of Receiver of above bank | 2830.00" |

The Yellowstone Valley Bank and Trust Company at Sidney, Montana, closed and went into receivership March 22nd, 1922.

On the first day of July, 1923, the Middlewest Trust Company, the surety on the guardianship bond of the said W. W. Phares, entered into an agreement with the American Surety Company of New York, which agreement is as follows:

"Memorandum of agreement, between the American Surety Company of New York, a corporation organized under the laws of the State of New York, hereinafter called the Surety Company, party of the first part, and Middlewest Trust Company, a corporation organized under the laws of the State of North Dakota, hereinafter called the Trust Company, party of the second part.

"1. In consideration of the payment by the Trust Company to the Surety Company of seventy per cent (70%) of the unearned premium reserve held in connection with the bonds hereinafter referred to, the Surety Company will reinsure the Trust Company upon all the fidelity and surety bonds (except depository bonds) issued by the Trust Company and now outstanding, provided they are accurately described upon the annexed schedule, against loss thereunder and against costs and expenses in connection with any claim which may be made thereon.

"2. Notwithstanding anything hereinbefore stated, the Surety Company does not reinsure the Trust Company upon any bonds against which a claim is pending, or in connection with which trouble notice has been received.

"3. Notwithstanding anything hereinbefore stated, the Surety

Company does not reinsure the Trust Company against loss upon any bond, the premium of which is at less than the Manual Rates of the Surety Company.

"4. The Surety Company does not reinsure the Trust Company against any loss accruing by reason of any act occurring prior to the date of this instrument.

"5. The Trust Company will, upon receipt at its Home Office of notice of any claim of loss on any bond, forward the said notice or a true copy thereof to the Surety Company at its office in Minneapolis.

"6. The Trust Company will, on request of the Surety Company, sign any paper or take any act which the Surety Company may deem advisable in connection with any such bond or any claim made thereunder.

"7. All premiums accruing after the date hereof shall be the property of the Surety Company.

Signed and Sealed, this 1st day of July, 1923.

"(Signatures)"

In the stipulation of facts it is agreed that the bond of the guardian, W. W. Phares, which was executed by the Middlewest Trust Company, was included among the fidelity and surety bonds covered by the said memorandum agreement.

Thereafter and on the 22nd day of January, 1934, W. W. Phares, as guardian of said minors, filed with the county court of Wells County, his final report and accounting of the administration of his guardianship, which final account shows that the balance in the closed Yellowstone Valley Bank and Trust Company at Sidney, Montana, was in the sum of $2353.54. On the 19th day of February, 1934, the county court of Wells County, issued a citation for hearing upon the final report and accounting of the guardian and for his discharge, as such, and in said citation the American Surety Company, one of the defendants in the above entitled action, was made a party as one of the respondents, and admission of service of said citation was made on behalf of said American Surety Company by the Commissioner of Insurance of North Dakota, on the 28th day of February, 1934.

On the 22nd day of March, 1934, the county court of Wells County duly entered its order in said guardianship matter, allowing and approving the final account of the said W. W. Phares, as guardian of

the said minors, and ordered him, as such guardian, forthwith to pay to the respective wards the sums specified in the said final account to be due to each of them. The said W. W. Phares defaulted and failed to pay the respective shares to the wards who were entitled to the residue of the guardianship estate. Thereafter and prior to the commencement of this action, the plaintiff served or caused to be served upon the guardian, W. W. Phares, and the defendants, Middlewest Trust Company and American Surety Company, a demand, in proper legal form, requesting delivery to the said plaintiffs the amount due each of them according to the direction in the order allowing said final report and account. Both of the defendants failed and refused to make payment and the above entitled actions were brought by the plaintiffs and against the defendants, Middlewest Trust Company, the original surety, and the American Surety Company of New York, under and by virtue of the contract entered into between it and the original surety, the Middlewest Trust Company.

The defendant, American Surety Company, submitted proposed findings of fact and conclusions of law in its favor. The trial court refused to adopt the proposed findings and conclusions and made findings of fact and conclusions of law and ordered judgment thereon in favor of the plaintiff and against both of the defendants, the Middlewest Trust Company and the American Surety Company.

The defendant Middlewest Trust Company did not appeal. The American Surety Company, however, appealed and in its specifications of error sets forth:

The findings of fact and conclusions of law are insufficient to support the judgment, and the court erred in the entry of judgment and order for judgment, and the court erred in refusing to adopt defendant's requested conclusions of law.

Exception was also taken to a portion of the court's findings of fact as follows: "The court erred in finding as a matter of fact that both the guardian and the county court were depending on the reinsurance bond furnished by the defendant American Surety Company, for the reason the findings introduce into the record a completely misleading and erroneous supposition which, even if true, ought not and rightly cannot be made the basis of decision; that the reinsurance contract was good for any default thereafter occurring and, as shown by its terms,

the American Surety Company undertook such liability for future default of the guardian, in consideration of future annual premiums, and undertook liability for future acts of the guardian only; that said contract shows on its face and the surrounding circumstances demonstrate that the American Surety Company did not undertake to pay a loss already caused by wrongful acts; that if the county court relied on the contract the county court could not thereby create liability that did not exist; and that this finding of the district court, together with reference to the suspension of business by the original surety, shows the basis of the decision appealed from as being a theory erroneous in law and wrong in fact."

Under the stipulation entered into by the parties to said actions, the court was authorized to examine the records and files of the county court of Wells County in the guardianship proceedings and to act upon said records to all intents and purposes as if they had been a part of the stipulated record. While certified copies of only a part of such records are before us, the trial court considered and examined them all and we must assume, therefore, that the findings and conclusions are warranted by the evidence thus examined.

The trial court found that the guardian, Phares, paid annual premiums directly to the American Surety Company, defendant, for a number of years after the date of the reinsurance contract, and that both the guardian and the county court of Wells County were relying upon the responsibility of the American Surety Company, and that it was well known to all parties concerned that the defendant Middlewest Trust Company had ceased to do business and was not a going concern.

The bond of the guardian executed by the Middlewest Trust Company was included in the memorandum agreement between the Middlewest Trust Company and the American Surety Company. The agreement provides that 70% of the unearned premium reserve held in connection with the bonds covered thereby should be paid to the Surety Company; and it also provides that all premiums accruing after the date thereof shall be the property of the Surety Company. In the specification of error, quoted herein, the American Surety Company admits that it was to receive payment of all future premiums. There is no evidence in the record that the county court, the guardian or the wards were ever notified of the contents of the memorandum

agreement or of any limitation of liability on the part of the American Surety Company. The county court and the parties interested considered the American Surety Company as substitute surety and liable to the same extent as the original surety.

The defendant, American Surety Company, having collected payment of annual premiums on the original bond without giving notice to the court or the guardian of any limitation of liability, is not in position at this time to assert such limitation.

The trial court did not pass upon the rights of the Middlewest Trust Company, a corporation, and the American Surety Company of New York, a corporation, between themselves. Consequently, no issue as between them is before us, and it will not be necessary here to determine their respective rights or liabilities under their reinsurance contract.

The judgment of the District Court is affirmed.

CHRISTIANSON, Ch. J., and MORRIS, BURR and NUESSLE, JJ. concur.